# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Joe L. Adams, Jr., | ) |
|                Plaintiff, | ) Civil Action No.: 0:19-cv-00663-JMC |
| v. | ) **ORDER AND OPINION** |
| 3D Systems, Inc., | ) |
|                Defendant. | ) |

Joe L. Adams, Jr. ("Plaintiff"), proceeding *pro se*, filed a Complaint (ECF No. 1) against his former employer, 3D Systems, Inc. ("Defendant"), alleging claims of discrimination, harassment, and retaliation based on his race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964, age discrimination in violation of the Age Discrimination in Employment Act of 1967, and state-law claims for assault, negligent supervision, and wrongful termination. Defendant filed an Answer (ECF No. 15) and later amended its Answer to include several counterclaims. (ECF No. 58.) Plaintiff filed a Motion to Dismiss Counterclaims. (ECF No. 76.) This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report"), filed on January 30, 2020.[1] (ECF No. 95.) For the reasons stated below, the court **ACCEPTS** the Report (ECF No. 95), and **DENIES** Plaintiff's Motion to Dismiss the Counterclaims (ECF No. 76).

---

[1] Objections to the Report were due by February 13, 2020, fourteen (14) days after the filing of the Report. (ECF No. 95-1.) Because the Report was served by mail to Plaintiff, objections were due by February 16, 2020. Plaintiff did not file his objection until February 18, 2020; however, Plaintiff's Objection is not untimely because February 16, 2020 fell on a Sunday, and Monday, February 17, 2020, was a legal holiday, thus extending the filing period to February 18, 2020. *See* FED. R. CIV. P. 6(a)(1).

# I. FACTUAL AND PROCEDURAL HISTORY

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 95 at 2–7.) On March 6, 2019, Plaintiff filed a Complaint against his former employer alleging claims of discrimination, harassment, and retaliation based on his race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964, age discrimination in violation of the Age Discrimination in Employment Act of 1967, and state-law claims for assault, negligent supervision, and wrongful termination. (ECF No. 1.) Defendant responded to the Complaint and filed an Answer and a Motion for Partial Dismissal. (ECF Nos. 14, 15.) On September 24, 2019, Defendant filed a Motion to Amend its Answer to include several counterclaims. (ECF No. 58.) Plaintiff opposed the Motion to Amend. (ECF No. 63 (captioned "Plaintiff Supporting Evidence and Response," docketed as Response in Opposition to Motion to Amend).) Defendant replied on November 5, 2019. (ECF No. 64.) Plaintiff filed a Surreply on November 8, 2019. (ECF No. 65.) The Magistrate Judge granted Defendant's Motion to Amend its Answer to include counterclaims against Plaintiff. (ECF No. 69.) Plaintiff filed a Motion to Dismiss Counterclaims on December 19, 2019. (ECF No. 76.) The Motion to Dismiss Counterclaims argues the counterclaims include inaccurate factual allegations and that certain employment documents were never signed by Plaintiff. (ECF No. 76 at 1–2.)

# II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and

Recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Yet, even though *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

"[I]n ruling on a motion to dismiss under Rule 12(b)(6), the court 'may only look to the allegations of the complaint . . . [and] the Court will not consider any additional facts that were not alleged in the complaint.'" (ECF No. 95 at 5 (quoting *El Hadidi v. Intracoastal Land Sales, Inc.*, No. 4:12-CV-00535-RBH, 2013 WL 625575, at *3 n.3 (D.S.C. Feb. 20, 2013)).) "A motion to dismiss under Rule 12 tests the sufficiency of the [pleading]. It does not resolve conflicts of facts." (*Id.* (quoting *Roberts v. Myers*, No. CA 4:11-1756-RBH-TER, 2012 WL 2018525, at *1 (D.S.C.

3

May 17, 2012), *report and recommendation adopted*, No. 4:11-CV-01756-RBH, 2012 WL 2018521 (D.S.C. June 5, 2012)).) The court is required to accept the nonmoving party's allegations of facts as true. (*Id.* (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).)

Here, Plaintiff's Motion to Dismiss Counterclaims argues the counterclaims include inaccurate factual allegations. (ECF No. 76 at 1–2.) However, factual allegations in the counterclaims must be accepted as true, and the pleader of the counterclaims is afforded the benefit of all reasonable inferences. *Mylan Labs.*, 7 F.3d at 1134. Now is not the time for the court to consider Plaintiff's opposing factual arguments to determine which version of the facts is accurate. *Id.* Accepting the allegations of the counterclaims in the light most favorable to Defendant, Defendant has set out plausible counterclaims against Plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint [or counterclaim] are true (even if doubtful in fact)." (internal and external citations omitted).)

Petitioner filed objections ("Objection") to the Magistrate Judge's Report and Recommendation on February 18, 2020. (ECF No. 107.) The court finds Plaintiff's Objection rehashes factual arguments concerning the employment documents between Plaintiff and Defendant. However, the Magistrate Judge's Report correctly states that the motion-to-dismiss stage is not the time to consider opposing factual allegations. (ECF No. 95 at 5–6.) Further, the court is not obligated to provide *de novo* review because Petitioner fails to provide specific objections to the Report. *See* FED. R. CIV. P. 72(b)(3) (requiring a district judge to determine de novo any part of the magistrate judge's disposition that has been properly objected to). Upon review of the record, no clear errors were found.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 95) and **DENIES** Plaintiff's Motion to Dismiss Counterclaims (ECF No. 76) pursuant to Fed. R. Civ. P 41(b).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 18, 2020
Columbia, South Carolina