IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Joe L. Adams, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 0:19-cv-00663-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| 3D Systems Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Joe L. Adams, Jr. ("Adams"), proceeding *pro se*, filed a Complaint (ECF No. 1) against his former employer, 3D Systems, Inc. ("3D Systems"), alleging claims of discrimination, harassment, and retaliation based on his race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964, age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), and state-law claims for assault, negligent supervision, and wrongful termination.

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 68) filed on November 26, 2019. Within the Report, the Magistrate Judge recommends that the court grant in part and deny in part 3D Systems' Motion to Dismiss and Strike (ECF No. 14). For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 68), and **GRANTS IN PART AND DENIES IN PART** 3D Systems' Motion to Dismiss and Strike (ECF No. 14). Specifically, the court **GRANTS** 3D Systems' Motion to Dismiss and Strike as to Adams' Title VII claims for color and national origin discrimination, his age discrimination claims, and his state law claims of negligent supervision and wrongful termination. The court **DENIES** 3D Systems' Motion to Dismiss and Strike (ECF No.

1

14) as to its request to strike certain "allegedly scandalous or impertinent" portions from the Complaint because those portions of the Complaint may still "present background information" regarding the remaining claims.[1] Because 3D Systems does not seek dismissal of Adams' Title VII race discrimination, harassment, or retaliation claims and does not seek to dismiss his state law assault claim, those claims remain before the court.

## I. PROCEDURAL AND FACTUAL BACKGROUND[2]

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 68 at 1-4.) On March 6, 2019, Adams filed a Complaint against his former employer, 3D Systems, alleging claims of discrimination, harassment, and retaliation based on his race, color, and national origin. (ECF No. 1.) Adams also filed an age discrimination claim and several state-law claims for assault, negligent supervision, and wrongful termination. (*Id*.) 3D Systems responded to the Complaint and filed an Answer and a Motion for Partial Dismissal. (ECF Nos. 14, 15.)

According to Adams, "3D Systems [was] in violation of its Anti-Harassment and Anti-Discrimination policies." (ECF No. 1 at 4.) Specifically, Adams alleges, *inter alia*, that 3D

---

[1] 3D Systems' Motion to Dismiss and Strike is a hybrid motion, requesting the court to dismiss certain claims and to also strike portions of Adams' Complaint contained in paragraphs 26, 27, 49, and 50 of his Complaint in which Adams allegedly overheard co-workers discussing anti-Semitic and culturally insensitive topics. (ECF No. 1.) However, "the moving party bears a sizeable burden to show that the challenged allegations have no possible relation or logical connection and would cause significant prejudice if not stricken." *Rosendall v. Voight*, 2017 WL 9674476, at *4 (D.S.C. Sept. 11, 2017), adopted in 2018 WL 2093722. Here, 3D Systems has failed to carry that burden and has not objected to the Magistrate's decision to deny striking portions of the Complaint.

[2] The court notes that Adams "vehemently objects to [3D Systems] retyping [Adams' Complaint]" and asserts that 3D Systems' version of the Complaint (ECF No. 15-1) intends to "confuse and doubt [*sic*] the court." (ECF No. 84 at 1.) While the court has reviewed both versions of the Complaint and certainly agrees with the Magistrate Judge's determination that the "typed and paragraphed-numbered version of the Complaint [ECF No. 15-1]retains the exact language of the Complaint as written by [Adams] ….", the court also understands Adams' concern and has relied upon the facts as written in his initial Complaint (ECF No. 1) for this Order.

Systems discriminated against him because he was an older African-American man who worked in the Engineering Department. (ECF No. 1 at 8.) For example, on April 13, 2018, he was called into a meeting with Darshan Pandya ("Pandya") to discuss a [problematic] email between Adams and a former fellow employee, Christopher Holmes ("Holmes"). Adams requested to have a Human Resources ("HR") representative present during the meeting because Adams and Holmes were in competition for a coveted Lab Manager Position and Adams alleged that Holmes harassed him in the email. (ECF No. 1 at 5, ¶ e.) However, the meeting began without any HR representative and ultimately escalated into an alleged physical altercation between Adams and Pandya because, in Adams' view, Pandya "misread and misinterpreted the email (due to Pandya's Indian background and cultural differences between Pandya and Adams) causing [Adams] to be written up" instead of Holmes. (*Id*.) When Pandya asked Adams to sign the written warning, Adams refused and attempted to take a photograph of the document to send to HR, but before Adams could take the photograph, Pandya "ran around the table behind Adams and assaulted Adams…pulled his arms back behind his back trying to wrestle Adams…causing injuries." (ECF No. 1 at 5, ¶ f.)

3D Systems filed their Motion to Dismiss and Strike (ECF No. 14) on June 4, 2019, maintaining, among many other arguments, that (1) Adams failed to allege a cause of action for color-based discrimination due to Adams' failure to exhaust administrative remedies, (2) Adams' claims arising prior to June 14, 2017 are time barred, and (3) Adams failed to plead specific facts to assert a claim of discrimination based on age and national origin. (ECF No. 68.) On June 5, 2019, the Magistrate Judge issued a *Roseboro* order to Adams, advising him of the procedures regarding 3D Systems' Motion to Dismiss and Strike and the consequences of failing to respond

by July 8, 2019.³ (ECF No. 18.) On July 8, 2019, Adams filed a Motion for Extension of Time (ECF No 23) to respond to the Motion to Dismiss and Strike. On the same day, the Magistrate Judge granted Adams' Motion for Extension of Time (ECF No. 24) to respond to 3D System's Motion to Dismiss and Strike (ECF No. 14) and advised him that his response was due by July 30, 2019 (ECF No. 24). Adams was also informed that his case would be recommended for "dismissal for failure to prosecute" if he failed to respond to 3D Systems' Motion to Dismiss and Strike by the new deadline of July 30. (ECF No. 24.) Even after the extension, Adams failed to respond to 3D Systems' Motion to Dismiss and Strike by July 30, 2019. On August 7, 2019, eight (8) days after the first extended deadline, the court, yet again, extended Adams' deadline to respond to 3D Systems' Motion to Dismiss and Strike (ECF No. 14) until August 21, 2020. (ECF No. 51.) On August 26, 2019, nearly an entire month after the July 30, 2019 deadline, and nearly a week after the further extended deadline of August 26, 2019, Adams filed his Response to 3D Systems' Motion to Dismiss and Strike. (ECF No. 54.) Despite Adams' untimeliness, the Magistrate Judge issued her Report on November 26, 2019, addressing the merits of both 3D System's Motion to Dismiss and Strike and Adams' Response. (ECF No. 68.) Adams filed an untimely Objection to the Magistrate Judge's Report on January 15, 2020. (ECF No. 84). The Report is ripe for review.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to the court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–

---

³*Roseboro* requires district courts to provide an explanation of procedures for *pro se* litigants. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

As a threshold issue, Adams' Objection to the Report ("Objection") is untimely, procedurally improper[4], lacks specific objections addressing the Report[5], raises new arguments, and reiterates arguments that Adams has already asserted in prior filings.[6]

The parties were apprised of their opportunity to file Objections to the Report on November 26, 2019. (ECF No. 68.) Objections to the Report were due by December 10, 2019. (ECF No. 68.) However, Objections were due by December 13, 2019, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id.*) 3D Systems did not file an Objection

---

[4] Adams' Objection to the Report is thirty-nine (39) single-spaced pages, thus exceeding the court's thirty-five (35) double-spaced page limitation. *See* Local Civ. Rules 7.04, 7.06 (D.S.C.).
[5] For example, the Report makes several dispositive determinations as to Adams' Complaint such as Adams' failure to "squarely address [3D Systems'] argument that he failed to exhaust administrative remedies regarding his color discrimination claim." (ECF No. 68). Instead of directly addressing this issue in his Objection, Adams never addresses the lack of pursing administrative remedies, but instead argues that his claim is based on color because Adams "was the only Black employee and Pandya sought to not have a Black Lab manager but used [Adams] to prepare the way for a younger Indian candidate who was also dark skinned but lighter than [Adams]." The new assertion does not address the Report's central issue with the claim.
[6] Adams should be aware that "objections that reiterate prior arguments or fail to identify specific errors in the Report are properly construed as general objections, and do not warrant *de novo* review. *See Addison v. CMH Homes, Inc.*, 47 F. Supp. 3d 404, 412 (D.S.C. 2014).

to the Report. However, on December 17, 2019, four (4) days after his Objections were due, Adams filed a Motion for Extension of Time to File Objections to the Report. (ECF No. 73.) Once again, the court was lenient with Adams and granted his Motion for Extension of Time to file Objections. (ECF No. 77.) Adams was afforded an extension until January 10, 2020 to file Objections to the Report. (*Id*.) Adams ultimately filed his thirty-nine (39) page Objection to the Report (ECF No. 84) on January 15, 2020, which is well after the January 10, 2020 deadline. (*Compare* ECF No. 77, *with* ECF No. 84.) Given that Adams' Objection is untimely, the court need not consider it for purposes of reviewing the Report. *See Taylor v. Gainey*, 203 F. App'x 426, 427 (4th Cir. 2006) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance.").

In the absence of timely Objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written Objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 68.) Because Adams' Objection is untimely despite

6

two extensions, and there are no other Objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 68), and **GRANTS IN PART AND DENIES IN PART** Defendant 3D Systems' Motion to Dismiss and Strike (ECF No. 14). Specifically, the court **GRANTS** 3D Systems' Motion to Dismiss as to Adams' Title VII claims for color and national origin discrimination, his age discrimination claims, and his state law claims of negligent supervision and wrongful termination.

The court **DENIES** 3D Systems' Motion to Dismiss and Strike (ECF No. 14) as to its request to strike certain "allegedly scandalous or impertinent" portions from the Complaint because those portions of the Complaint may still "present background information" regarding the remaining claims. Because 3D Systems does not seek dismissal of Adams' Title VII race discrimination, harassment, or retaliation claims and does not seek to dismiss his state law assault claim, those claims remain before the court.

**IT IS SO ORDERED.**

March 31, 2020
Columbia, South Carolina

*J. Michelle Childs*
United States District Judge