# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Joe L. Adams, Jr., ) | Civil Action No.: 0:19-cv-00663-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| 3D Systems, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant 3D Systems, Inc. has pending counterclaims against pro se Plaintiff Joe L. Adams, Jr. for breach of contract, and violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the South Carolina Trade Secrets Act, S.C. Code Ann. §§ 39-8-10 to -130 (West 2022). (ECF No. 70 at 28 ¶ 119–33 ¶ 150.) The case is currently scheduled for trial starting on March 28, 2021, and lasting through March 30, 2021. (*See* ECF No. 274 at 1 ¶ 6.)

This matter is before the court pursuant to a Notice of Appeal filed by Plaintiff on March 15, 2022, and a Notice of Appeal, a Motion to Stay Pending Appeal, and a Motion to Hold Case in Abeyance, all filed on March 17, 2022, by Plaintiff. (*See* ECF Nos. 301, 306, 307, 308.) In the Notices of Appeal (ECF Nos. 301, 306), Plaintiff appeals the February 28, 2022 Order in which the court stated the intention to proceed with the bench trial and its September 30, 2021 Order (ECF No. 248), which granted Defendant summary judgment on Plaintiff's claims and denied his Motion for Summary Judgment (*see id.* (referencing ECF Nos. 189, 192)). In his Motions, Plaintiff complains about a number of things to include the amount of work required to prepare for trial and requests a stay of the aforementioned trial until after the United States Court of Appeals for the Fourth Circuit has an opportunity to address all of his appellate issues. (ECF Nos. 307, 308.)

"Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of

1

appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Upon its review, the court observes that the instant Notices of Appeal set forth Plaintiff's complaints regarding the court's substantive decisions on summary judgment and in moving forward with the bench trial.[1] (*E.g.*, ECF Nos. 301 at 1–2, 306, 307 at 2 ¶ 7.) As a result, the court finds that it no longer has jurisdiction to conduct a bench trial on Defendant's counterclaims.[2] *See Doe*, 749 F.3d at 258. Accordingly, the court **GRANTS** Plaintiff's Motion to Stay (ECF No. 307) and cancels the bench trial scheduled to begin on Monday, March 28, 2022. Plaintiff's Motion to Hold Case in Abeyance is **DENIED AS MOOT**. (ECF No. 308.)

---

[1] In addition, the court notes that specifically in his March 15, 2022 Notice of Appeal, Plaintiff makes a number of unsubstantiated allegations of bias and/or conflict of interest presumably based on Plaintiff recently learning that the undersigned was once employed by Nexsen Pruet Jacobs & Pollard, LLP, the firm representing Defendant. (*See* ECF No. 301-2 at 10–11.) *See also Murdaugh v. Kitchens*, Civil Action No. 8:22-cv-00608-JMC, ECF No. 13 (D.S.C. Mar. 8, 2022). To this point, the court observes that past employment by a law firm does not automatically impugn impartiality or require sua sponte recusal. *See, e.g.*, *United States v. Adler*, 48 F. App'x 463, 469 (4th Cir. 2002) ("Instead, [Appellant Adler] contends that because the judge worked for HABC 'when he was rather young . . . a bond had surely developed between HABC and the judge.' In so alleging, Adler misconstrues the scope of 28 U.S.C. § 455. It is well settled that 'litigants are entitled to a judge free of personal bias, but not to a judge without any personal history before appointment to the bench.'" (citation omitted)); *Oriental Fin. Grp., Inc. v. Fed. Ins. Co., Inc.*, 450 F. Supp. 2d 169, 170 (D.P.R. 2006) ("The fact that the undersigned worked at McV in 2001 as special litigation counsel for a period of six months does not warrant recusal under Section 455(a)"); *Alvarado Morales v. Digital Equip. Corp.*, 699 F. Supp. 16, 19 (D.P.R. 1988) ("All judges come to the bench with a background of experiences, associations and viewpoints. This background alone is seldom sufficient in itself to provide a reasonable basis for recusal.").

[2] The court observes that even if it determines that the issues identified in Plaintiff's Notices of Appeal are frivolous, the court is unable to locate direct precedent in the Fourth Circuit, as there is in other Circuits, which holds that a frivolous interlocutory appeal in a civil matter does not divest the lower court of jurisdiction over a matter. *Cf. United States v. Rodgers*, 101 F.3d 247, 251–52 (2d Cir. 1996) ("We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on [the appeals court] the power to do nothing but dismiss the appeal.").

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 22, 2022
Columbia, South Carolina

3