

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| 3D SYSTEMS, INC., | § | |
| Counter-Claimant, | § | |
| vs. | § | CIVIL ACTION 0:19-00663-MGL |
| | § | |
| JOE L. ADAMS JR., | § | |
| Counter-Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**ADJUDICATING COUNTER-DEFENDANT'S MOTIONS**
**AND PROVIDING INSTRUCTIONS TO THE PARTIES**
**REGARDING COUNTER-CLAIMANT'S**
**MOTION FOR AN ORDER TO SHOW CAUSE**

## I.    INTRODUCTION

After a bench trial in this case, the Court ordered Counter-Defendant Joe L Adams Jr. (Adams) to return to Counter-Claimant 3D Systems (3D Systems) certain confidential, proprietary, or trade secret information and to pay it a monetary sanction in the amount of $4,066.16. Adams has thus far failed to do either.

Pending before the Court are several motions filed by Adams, along with 3D Systems's motion for an order to show cause why Adams should not be held in contempt for his failure to comply with the Court's previous Orders. Adams is representing himself in this matter.

## II.    ADAMS'S MOTIONS

First, in Adams's motions to stay [441] and to hold in abeyance [442], he states the Supreme Court granted him an extension of time to file his petition for a writ of certiorari as to his Fourth

Circuit appeals.  Although he fails to specifically say so, it appears he seeks this relief so he can wait until the Supreme Court rules on his petition before he responds to the allegations in 3D System's motion for an order to show cause why he should not be held in contempt.

The Court has reviewed the Supreme Court's docket and sees Adams was given an extension until July 12, 2024, to file a petition for a writ of certiorari.  But, it appears from the docket he has failed to do so.

Nevertheless, the Court has been informally told by the Clerk of Court for the Supreme Court Adams has filed several deficient petitions for certiorari, and it is currently awaiting his filing of a corrected one.

Even so, inasmuch as Adams is appealing the decisions of the Fourth Circuit, as another district court rightly observed, "a district court has no jurisdiction to stay a circuit court's mandate simply to await the outcome of a certiorari petition seeking review of the circuit court's decision on appeal." *United States v. Lentz*, 352 F. Supp.2d 718, 728 (E.D.Va. 2005).  "[T]his authority belongs exclusively to the circuit court or to a justice of the Supreme Court." *Id*. at 725.

Thus, because the Fourth Circuit's mandate is effective, and it appears Adams has failed to obtain permission to stay the mandate from either the circuit court or a justice of the Supreme Court, it is appropriate for the Court to go forward with 3D System's motion for an order to show cause. Therefore, these two motions are both **DENIED**.

Second, in Adams's motion for access to all sealed materials and evidence [443], he says he needs the materials because he "is preparing an appeal to the Supreme Court and in responsible for a redacted copy and a[n] [u]nredacted copy of all sealed evidence in this case."  But, the Court assures Adams the Court will provide those materials directly to the Supreme Court if and when they request them.  Accordingly, this motion is also **DENIED**.

Third, in Adams's "motion to declare a unfair hearing and for the entire case to be dismissed and reheard due to over-sealing of vital evidence[,]" [444] he seems to think the Fourth Circuit was without access to the sealed documents in this case when it considered his appeal.  He is mistaken.  They were able to view the entire docket in this case, both the sealed and the unsealed documents in the case.

Simply put, Adams has failed to present a sufficient factual or legal basis that would make the granting of this motion proper.  Hence, this motion is **DENIED**, too.

Fourth, in Adams's motion to compel [445], he "ask[s] the [C]ourt to directly compel 3D Systems to clearly state the identity of anything they are assuming . . . [he] has in clear words with clear descriptions of what they keep asking for as [he] has nothing that has not already submitted to the [C]ourt."  Adams's Motion to Compel at 2.  In 3D System's response to this motion, they provided a clear description of these materials.  3D System's Response at 2.  Consequently, this motion is **DEEMED AS MOOT**.

Fifth, in Adams's motion to vacate [456], he asks the Court to vacate its Order directing the Magistrate Judge to conduct a mediation in this matter in regards to 3D System's motion for an order to show cause.  Based on this motion, the Magistrate Judge cancelled the mediation hearing she had previously set.  Thus, this motion is **DEEMED AS MOOT.**

Sixth, in Adams's motion for leave of court [458], although unclear, it appears he may be asking for more time to file his informal brief with the Fourth Circuit and his petition for a writ of certiorari with the Supreme Court.  But, only those courts can grant that relief.  Therefore, this motion is **DISMISSED WITHOUT PREJUDICE**.

### III.     3D SYSTEM'S MOTION FOR AN ORDER TO SHOW CAUSE

3D Systems earlier filed a motion for an order to show cause why Adams should not be held in contempt for, among other things, failing to return 3D Systems' confidential, proprietary, or trade secret information to counsel for 3D Systems and pay the sanctions earlier ordered by the Court. The Court directed Adams to file a response to 3D System's motion. The Court also ordered 3D System's counsel and Adams to confer in an attempt to resolve this matter without further Court intervention.

According to the record before the Court, 3D Systems subsequently made the following offer to Adams:

> 3D Systems is willing to forego its right to collect from [Adams] the sanctions award to which it is entitled, provided [he] agree to do the following: (1) forego and withdraw any further/pending appeals related to this case; and 2) execute a sworn statement representing that [he] ha[s] returned to counsel for 3D Systems, and ha[s] not retained, any confidential or proprietary information belonging to 3D Systems including, without limitation, the documents and data that the Court deemed confidential and proprietary and/or trade secret in nature in this action.

3D System's Status Report, Exhibit A, Email from Counsel for 3D Systems to Adams at 1.

The parties evidently failed to resolve the matter; and Adams has neglected to file a response to 3D System's motion for an order to show cause. Therefore, now that all Adam's pending motions and Fourth Circuit appeals have been adjudicated, the Court once again orders Adams, not later than July 11, 2025, to file a complete response to the allegations in 3D Systems's motion for an order to show cause, including, but not limited to, why he has failed to make any payment of the sanctions the Court ordered him to pay, and why he has neglected to return any and all confidential, proprietary, or trade secret information belonging to 3D Systems, as mandated by the Court. If he is unable to pay the sanctions at present, he must provide evidence why not, as well as a proposed payment plan.

4

Also, not later than July 11, 2025, 3D Systems's counsel and Adams shall confer in another good-faith effort to resolve this matter without further Court intervention, and file a report with the Court by that same date as to whether or not they were successful. If the parties are able to resolve this matter, Adams will, of course, be excused from filing a response to 3D System's motion.

To recap, Adams presently has two options: (1) file a response to 3D System's motion for an order to show cause, or (2) resolve this matter with 3D Systems. His failure to satisfy one of these two options will be at his own peril; and the Court may well conduct contempt proceedings and impose additional monetary sanctions and/or jail him until he complies with the Orders of this Court.

The Court, of course, may also find him in contempt and fine and/or jail him after he files his response to 3D System's motion based on any failure to return to 3D Systems its confidential, proprietary, or trade secret information and to pay it a monetary sanction in the amount of $4,066.16, as earlier ordered by the Court. His filing of yet another appeal, of which he has filed numerous unsuccessful ones already, will fail to keep the Court from going forward with fining and/or jailing him if it finds him to be in contempt.

**IT IS SO ORDERED**.

Signed this 10th day of June, 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.